IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  05-cv-00435-LTB

IN RE:

LAZARIKOS, DEMETRIOS,

       Debtor.


MARY ESTRADA, STEPHANIE SANMI, and DEMETRA LAU,

       Appellants-Plaintiffs,

and

BUSINESS STAFFING SOLUTIONS, INC.,

       Plaintiff,

vs.

LAZARIKOS, DEMETRIOS,

       Appellee-Defendant.
_____

## ORDER
_____

      Appellants, Mary Estrada, Stephanie Sanmi, and Demetra Lau ("Appellants"), appeal the United States Bankruptcy Court for the District of Colorado's February 25, 2005 Order granting Appellee, Demetrios Lazarikos' ("Debtor"), Motion for Summary Judgment that:  1) dismissed the Adversary Proceeding (No. 04-1667) filed by Appellants; and  2) disallowed Appellants' Proof of Claim filed in the Debtor's underlying Chapter 7 Bankruptcy Case (No. 04-10975).  Oral argument would not materially assist in the determination of this motion.  After consideration of the record and the parties' briefs, and for the reasons set forth below, I AFFIRM.

## I. FACTS:

Debtor and Appellants are siblings. In 1997, their mother, Jennie Nina Lazarikos, created an irrevocable trust naming the Debtor as the trustee. The trust property was to be held for the benefit of Jennie Nina Lazarikos during her lifetime, with distribution of income and principal to be made upon the discretion of Debtor as the trustee. Upon Jennie Nina Lazarikos' death, the trustee was to distribute the principal and income from the trust to her ". . . Estate, free from all Trusts hereunder, in such manner, and such proportions as Settlor may designate in and by her Last Will and Testament." The trust further provided that no "person shall have the right to revoke, alter or amend the terms of the trust" and "[n]o amendment may change the interest of any beneficiary." The trust is governed and to be interpreted according to Illinois law.

Jennie Nina Lazarikos' 1996 will, which was in effect at the time the trust was created, gave the balance of her estate to her five children (Debtor, Appellants, and another sibling not a party to this litigation) in equal shares. In a subsequent will, dated October 27, 2004, she gave personal property to her children, as well as various cash gifts to charities, but the remainder of her estate (including the trust proceeds) was given to the Pastor of All Saints Greek Church. The will provided, in pertinent part, that:

> Except for Personal Property set forth in Section 2.01 of my last Will and Testament, I specifically disinherit and intentionally omit and exclude from my Last Will and Testament my children . . . This exclusion and intentional omission is caused by the disappointment of the vicious legal battles, charges and countercharges incurred by all my children over the assets of my mother's probate estate.

The October 2004 will was in effect when Jennie Nina Lazarikos died on December 16, 2004.

Meanwhile, Debtor filed for protection pursuant to Chapter 7 of the Bankruptcy Code on January 21, 2004. He scheduled Appellants as contingent, unliquidated and disputed unsecured creditors. Appellants subsequently filed an adversary proceeding complaint (the "adversary proceeding") on June 25, 2004. In the adversary proceeding, Appellants asserted that they were "residuary beneficiaries of the trust" and that the Debtor, as trustee, breached his fiduciary duty when he wrongfully took "loans" or "gifts" from the trust. On August 23, 2004, Appellants filed a related Proof of Claim in the underlying bankruptcy proceeding (the "claim" in the "bankruptcy case") in which they asserted an unsecured, nonpriority claim for an unidentified amount based solely on the adversary proceeding.

On December 1, 2004, after a hearing, the Bankruptcy Court consolidated the adversary proceeding and the related claim in the bankruptcy case. Thereafter, on February 25, 2005, the Bankruptcy Court entered an order granting summary judgment in the adversary proceeding in favor of Debtor, and disallowing Appellants' claim in the bankruptcy case. This appeal followed.

## II. STANDARD OF REVIEW:

In reviewing a Bankruptcy Court's decision, the district court functions as an appellate court and is authorized to affirm, reverse, modify or remand the Bankruptcy Court's ruling. 28 U.S.C. §158(a); Fed. R. Bankr. P. 8013. The question of whether summary judgment was appropriately granted is generally a question of law to be reviewed *de novo*. *See generally Oulds v. Principal Mut. Life Ins. Co.*, 6 F.3d 1431, 1436 (10th Cir. 1993). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c)(made

applicable to bankruptcy proceedings by Fed. R. Bankr. P. 7056); *see also In re M & L Business Mach. Co., Inc.,* 194 B.R. 496, 500 (D. Colo. 1996). When the district court, sitting as an appellate court to the bankruptcy court, reviews an order granting summary judgment, the same legal standard applies. *See In re Miller*, 169 B.R. 715, 719 (D. Kan. 1994); *see also In re Burkart Farm & Livestock*, 938 F.2d 1114, 1115 (10th Cir. 1991)(when reviewing bankruptcy court decisions, appellate courts apply same standards of review that govern appeals in other cases). Here, as in the Bankruptcy Court, the material facts are undisputed and the matter can be resolved as a matter of law.

### III. NOTICE OF APPEAL

As a threshold matter, I first address Debtor's contention that because Appellants did not file a Notice of Appeal related to the ruling that disallowed their claim in the bankruptcy case – instead they only appeal from the judgment identified in their Notice of Appeal which relates to the judgment dismissing their complaint in the adversary proceeding – the judgment in that matter is not subject to my review. As a result, Debtor argues that Appellants are not "creditors" of the bankruptcy estate because they failed to appeal the court's ruling disallowing their claim in the bankruptcy case. Thus, the Debtor argues that I have no jurisdiction to consider the Appellants' challenge to the order and judgment dismissing their adversary proceeding, in that they have no standing because they are not creditors of the bankruptcy estate. *See generally* 11 U.S.C. §727(c)(1); *In re Vahlsing,* 829 F.2d 565, 567 (5th Cir. 1987)("a party whose claim has been conclusively disproved cannot object to a debtor's discharge[; o]nly those creditors who have claims that will be affected by the discharge can file objections").

Appellants' Notice of Appeal, filed with this court on or about March 9, 2005, references both the bankruptcy case number and the adversary proceeding case number in the caption. In the body of the notice, however, Appellants specifically indicate that they are appealing the Bankruptcy Court's ruling in the adversary proceeding. They do not mention the related ruling disallowing their claim in the underlying bankruptcy case. *See* Fed. R. Bankr. P. 8001(a) (requiring on the notice of appeal contain the "judgment, order, or decree appealed from"); *In re Rozark Farms, Inc.*, 139 B.R. 463, 465 (E.D. Mo. 1992)("an appellant must file a separate notice of appeal for each bankruptcy court final order or judgment with which the appellant disagrees").

I am unpersuaded, however, by Debtor's assertion that I lack jurisdiction over this matter due to Appellants' alleged failure to appeal from the order and judgment related to their claim in the bankruptcy case. First, the Bankruptcy Court consolidated the adversary proceeding with the Debtor's challenge to Appellants' claim filed in the bankruptcy case prior to the filing of the applicable motion for summary judgment by Debtor. As a result, the February 25, 2005 order granting Debtor's summary judgment motion served to decide both matters. The order concluded that Appellants' "Proof of Claim is disallowed and the Complaint by [Appellants] against [Debtor] is hereby dismissed." The subsequent judgment likewise provided that "IT IS ORDERED AND ADJUDGED that the Complaint filed by [Appellants] is hereby DISMISSED and the Proof of Claim filed by [Appellants] is hereby DISALLOWED." Both the order and the judgment are captioned with case numbers for the underlying bankruptcy case (04-10975) as well as the adversary proceeding (04-1667) and, thus, the identical order and judgment were docketed in both cases. I acknowledge Debtor's argument that matters that are consolidated for trial do not lose their separate identity. In this case, however, the predicate question before the court was

5

determinative of both matters; and, after making this determination, the Bankruptcy Court properly ruled on each separate litigation consistent with that determination. Although the Bankruptcy Court disposed of the two consolidated cases in one order, each matter was ruled on and disposed of separately.

In addition, I agree that I should liberally construe a notice of appeal to determine the ruling appealed from. *See generally 20 Moore's Federal Practice (3d. Ed.)* § 303.21[3][c][ii]; *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 316, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988) (under the federal appellate rules, the requirement to designate the order or judgment appealed from has been liberally construed; appeals are not dismissed for mere technicalities if the intent to appeal from a specific ruling can be fairly inferred, and the opposing party is not prejudiced). The substance of the issue on appeal is clearly the ruling of the Bankruptcy Court applicable to, and dispositive of, both the adversary proceeding and the claim in the underlying bankruptcy case. The Notice of Appeal here put Debtor on notice as to the issue for which Appellants' were seeking review, and Debtor has addressed the merits of Appellant's substantive claims. Therefore, he is not prejudiced by any technical error in the Notice of Appeal.

Under the circumstances here, I conclude that Appellants' Notice of Appeal adequately invokes my jurisdiction to consider the relevant order and judgment that pertained to both the adversary proceeding and the consolidated matter of Appellants' Proof of Claim filed in the underlying bankruptcy case.

## IV.  BENEFICIARIES

Appellants seek my review of the Bankruptcy Court's ruling that they were not beneficiaries in the remainder of the trust and, as such, their claim was unenforceable against the Debtor pursuant to 11 U.S.C. §502(b)(1).  They assert that the Bankruptcy Court erred when it failed to consider all the trust language; specifically the provision that prohibited amendment to "change the interest of any beneficiary."

The Bankruptcy Court ruled, and the parties here agree, that the critical issue regarding Appellants' claims against Debtor is "whether they are beneficiaries under the trust."  The Bankruptcy Court first noted that is was undisputed that the trust document named Jennie Nina Lazarikos as its sole beneficiary during her life, and that the trust further provided that her estate was to receive the remaining trust property upon her death.  As such, the court ruled that the trust had only two beneficiaries; Jennie Nina Lazarikos and her estate.  The Bankruptcy Court further ruled that "[t]he terms of the trust could not be more clear that she had the right to designate who would receive the balance of the trust property in her Last Will and Testament."   As a result, the Bankruptcy Court concluded that:

> under Illinois law, the [Appellants] were neither vested nor contingent
> beneficiaries, either at the time the trust was created or thereafter, [and thus] they
> would have no standing . . . to bring a suit against Defendant for any alleged
> misuse of trust property.

Appellants challenge this ruling on appeal.  They first argue that the trust language contemplates remaindermen – or beneficiaries in remainder – other than Jennie Nina Lazarikos.  Because the determination of the beneficiaries is made at the creation of the trust,  Appellants assert that the trust must be read and interpreted by reference to Jennie Nina Lazarikos' will in

7

effect at the time of the creation of trust. *See Teeple v. Hunziker,* 118 Ill.App.3d 492, 454 N.E.2d 1174, 1179 (Ill. App. 2 Dist. 1983). Appellants therefore contend that at the time of the creation of the trust they were the intended beneficiaries in the remainder of the trust. They assert that because the beneficiaries under Jennie Nina Lazarikos' 1996 will were in being and ascertained, and the event which would terminate the trust estate – namely, Jennie Nina Lazarikos's death – was certain to happen, Appellants were therefore vested beneficiaries in the remainder of the trust. *See Whalen v. Whalen,* 217 Ill.App.3d 557, 577 N.E.2d 859, 861 (Ill. App. 3 Dist. 1991)(defining a vested remainder). Appellants assert that contingent beneficiaries likewise have standing to bring an action against a trustee to protect the assets of the trust. *See Giagnorio v. Emmett C. Torkelson Trust,* 292 Ill.App.3d 318, 686 N.E.2d 42, 46 (Ill. App. 2 Dist. 1997). Appellants finally argue that because the trust was irrevocable, they could not have been divested of their positions as beneficiaries in remainder of the trust when Jennie Nina Lazarikos subsequently executed her October 2004 will.

Appellants arguments are not persuasive based on the clear language of the trust. First, I agree with the ruling of the Bankruptcy Court that the trust language here is unambiguous; the only intended beneficiaries of the trust were Jennie Nina Lazarikos, and, at her death, her estate. The facts here do not support a determination that Appellants were either vested beneficiaries in remainder or contingent beneficiaries. I also agree with the Bankruptcy Court's determination that "[t]he terms of the trust could not be more clear that Jennie Nina Lazarikos had the right to designate who would receive the balance of the trust property in her Last Will and Testament." She properly effectuated this right by executing her October 2004 will. And, as a result, the trust provision regarding irrevocability – that dictated that the trust could not be amended to "change

8

the interest of any beneficiary" – was not implicated.  Appellants have not directed me to, nor has my research revealed, any Illinois case law that prohibits such a disposition.

The Illinois cases relied upon by the Appellants are not applicable to the circumstances presented here.  For example, in *Pinzino v. Vogel,* 98 Ill. App.3d 330, 424 N.E.2d 371, 738 (Ill. App. 1981), the court ruled that the "contingent beneficiaries" of a trust had standing to question the alleged mismanagement of the trust.  The plaintiffs in that case were specifically named in the trust, and would have been beneficiaries if their mother –  the beneficiary of the trust during her life – failed to exercise her power of appointment to name the trust's subsequent beneficiaries by her will.  *Id.* at 737; *see also Giagnorio v. Emmett C. Torkelson Trust, supra; Botzum v. Havana Nat. Bank*, 367 Ill. 539, 12 N.E.2d 203, 204 (Ill. 1937).   In these cases, the contingent beneficiaries were specifically named in the trust documents when the remainder interest – the beneficiaries designated by power of appointment in the life tenant's will – was not exercised.  In this case, Appellants were not set out as beneficiaries in the trust document; rather, their interest was established only by the their mother's power of appointment which was entirely changeable during her lifetime and at her discretion.  *See In re Estate of Defilippis*, 289 Ill. App.3d 695, 683 N.E.2d 453,456  (Ill. App. 1 Dist.  1997).

I agree with the Bankruptcy Court that the beneficiaries intended  by the trust were Jennie Nina Lazarikos and then, upon her death, her estate.  The provisions of the trust requiring that the trust be irrevocable clearly related to the inability to alter the named beneficiaries in the trust, not the beneficiaries to Jennie Nina Lazarikos' estate as argued by Appellants.  Pursuant to Illinois law,  Appellants cannot be defined as contingent or vested beneficiaries in remainder under the circumstances here.

As a result, I also reject Appellants' argument to the extent they contend that the language of the trust is ambiguous, necessitating parole evidence to ascertain its meaning. Nonetheless, Appellants do not contest that they failed to raise this argument in the Bankruptcy Court and, as such, I conclude that they did not preserve it for consideration on appeal. *See Pauley v. Bank One Colorado Corp.,* 205 B.R. 272, 275 (D. Colo. 1997)(rejecting argument that effectively raises a new issue not presented below).

Accordingly, IT IS ORDERED that the Order Granting Defendant's Motion for Summary Judgment by the United States Bankruptcy Court for the District Colorado, dated February 25, 2005, is AFFIRMED.

Dated:  November   1  , 2005 in Denver, Colorado.

                                                BY THE COURT:

                                                  s/Lewis T. Babcock

                                                LEWIS T. BABCOCK, CHIEF JUDGE